RUDOLPH SCHAFERT, PLAINTIFF-RESPONDENT, v.
GEORGE ERICSSON, DEFENDANT-APPELLANT.

Submitted February 14, 1936—Decided May 14, 1936.

For the appellant, *Howard Ewart.*

For the respondent, *David A. Veeder.*

The opinion of the court was delivered by

PARKER, J. This is a rather unusual case. The first count
charges in effect that the defendant corruptly and maliciously
induced his servant and employe, a man named Worthy, to
make certain alleged false, scandalous and defamatory state-
ments against plaintiff; and did further induce a justice of
the peace to have the plaintiff arrested on a warrant and cause
the plaintiff to be committed to jail in default of bail. It
further charges certain alleged false and scandalous state-
ments to divers persons in regard to the plaintiff.

The second count is that the defendant caused and directed
said Worthy to make a complaint charging the plaintiff with
assault and battery with intent to kill, upon which a warrant
was issued and the plaintiff arrested and committed to jail
in default of bail, and that said allegations were investigated
by the grand jury which refused to find an indictment; that
they were in fact false, and that there was no reasonable nor
probable cause for the said prosecution.

The answer denies all matters alleged in the complaint, and by way of specific defense, admits plaintiff was arrested on the complaint of Worthy, but alleges that defendant had nothing to do with it. It also denies any false or malicious statements.

The case went to trial and there was a motion to nonsuit as to the second count on the ground that there was nothing to show the participation of the defendant in the making of the complaint. This was denied. There was also a motion to nonsuit with regard to the first count on the ground that there was no proof of any slanderous statements. The court denied this, holding that there was a case for the jury with regard to evidence of certain alleged statements made by the defendant.

There was also a motion for a directed verdict on substantially the same ground, and that motion was also denied.

The plaintiff had a verdict and there was a rule to show cause why a new trial should not be had on the sole ground that the verdict was against the weight of evidence. This rule was argued and a new trial denied so far as related to the weight of evidence in regard to liability, but the judge went out of his way to set aside the verdict on the ground that it was excessive although apparently this had not been claimed. The defendant seems to have waived a new trial on any such ground, preferring to resort to his appeal on the question going to the matter of liability.

Ten grounds of appeal are assigned. The first points to no ruling by the trial court; the second alleges error in refusing to nonsuit; the third alleges error in refusing to direct a verdict in favor of defendant; the fourth alleges error in admitting into evidence the criminal complaint signed by Worthy, and the fifth similarly assigns admission of the warrant based on the complaint. The sixth alleges error in admitting into evidence the commitment. The seventh is not argued. The eighth, ninth and tenth refer to portions of the charge which will be considered in their proper place.

As to the refusal to nonsuit or direct a verdict, the rule is, of course, settled by a wealth of authority that where these questions have been in effect considered on a motion for new trial, they are not available on appeal. With respect to the admission into evidence of the complaint, warrant and commitment, a similar question arises depending on whether there was anything in the case to indicate that these proceedings had been taken at the instigation of the defendant. As this was in effect settled by the denial of the motion for a new trial on weight of evidence, it cannot be said that in view of that finding there was error in admitting these papers.

As to the direction to the jury, the court charged in part that "in either event, in what direction your verdict would go, under the second count rather than the first, or both, indeed, will depend upon how you find the state of the evidence under the rule of the fair preponderance of proof." We do not see anything illegally erroneous in that proposition.

Again the court charged that if they found malicious conduct involved, that is, a willful intent to do an injury to another without just cause or excuse, punitive damages or smart money may be added to those of a compensatory nature. This, of course, is legally correct.

Finally, the court is said to have erred in charging that whether the plaintiff had proven in dollars and cents to the satisfaction of the jury how much he had lost was not for him to say; and that in the absence of proof which would justify such a finding at least nominal damages would be justified. This also is correct as a proposition of law.

On the whole we find no injurious error properly laid before us and conclude that the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 14.

*For reversal*—None.